IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201-2525<br><br>    Plaintiff,<br><br>v.<br><br>DAVIS & DAVIS ENTERPRISE, INC.<br>T/A ALL SECURITY GROUP COMPANY,<br>701 East Joppa Road<br>Baltimore, Maryland 21286<br><br>    Defendant. | **COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The U.S. Equal Employment Opportunity Commission (hereinafter "the EEOC," "the Commission," or "Plaintiff") brings this action against Davis & Davis Enterprise, Inc. t/a All Secure Security Company (hereinafter "Defendant") under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Equal Pay Act of 1963 ("the EPA") to correct unlawful employment practices on the basis of sex and to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex. As is alleged with greater particularity below, since at least October 30, 2016, Defendant has engaged in a pattern of discrimination against a class of female security guards, in violation of Title VII and the EPA, by paying them lower wages than those paid to their male counterparts despite performing equal work under similar working conditions.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1), (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1), (3). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, and sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705, 29 U.S.C. § 215(a)(3), 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland Northern Division.

## PARTIES

3.      Plaintiff is the agency of the United States of America charged with the administration, interpretation, and enforcement of, *inter alia*, Title VII and the Equal Pay Act, and is expressly authorized to bring this action by section 706(f)(1), (3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1), (3), and sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant has continuously been a Corporation doing business in the State of Maryland and the City of Baltimore and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.      At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.      At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r), (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## ADMINISTRATIVE PROCEDURES

8.      More than thirty days prior to the institution of this lawsuit, Tiyada Ray filed a charge with the Commission alleging violations of Title VII and the EPA by Defendant.

9.      On or around December 17, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the EPA had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.     The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     On or around March 20, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

13.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF TITLE VII CLAIMS

14. Defendant employs armed security guards at detention centers in Baltimore, Maryland.

15. During the relevant time, Defendant offered its security guards the opportunity to perform security work in an unarmed capacity at concert events held at various venues such as Royal Farms Arena. Employees who took advantage of the opportunity received a flat cash payment at the end of the event.

16. During the period of October 2016 through March 2018, Defendant's employees performed security work for at least 24 events.

17. Since at least October 30, 2016, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by engaging in a continuous practice of suppressing the wages of a class of females occupying the position of unarmed security guard (including but not limited to those identified below), because of their gender:

### Tiyada Ray

a. Tiyada Ray worked for Defendant at three concert events: the Thomas Rhett Concert on March 10, 2017; the Stevie Nicks Show on March 26, 2017; and the Chris Brown Show on April 1, 2017. For each of the events, Ray performed event security duties, including wanding attendees; inspecting purses and bags; managing crowd control at entrances and down at the stage. At each of the events, Defendant paid Ray a flat rate of $72.

### Lisa Camara

b. Lisa Camara worked for Defendant at eight concert events: WWE-MNR on October 30, 2016; Amy Schumer on March 4, 2017; the Thomas Rhett concert on March 10, 2017; the Stevie Nicks Show on March 26, 2017; the Def Leppard Show on April 14, 2017;

Xscape Show on December 22, 2017; the Kid Rock Show on March 3, 2018; the Kevin Hart Show on March 24, 2018; the Jimmy Buffett Show on March 30, 2018. For each of the events, Camara performed event security duties, including wanding attendees; inspecting purses and bags; managing crowd control at entrances and down at the stage. At each of the events, Defendant paid Camara a flat rate of $72.

### Tamika Fowlkes

c. Tamika Fowlkes worked for Defendant at five events: the Stevie Nicks Show on March 26, 2017; the Chris Brown Show on April 1, 2017; the Def Leppard Show on April 14, 2017; WWE Extreme PPV on June 4, 2017; Chance the Rapper on June 6, 2017. For each of the events, Tamika Fowlkes performed event security duties, including wanding attendees; inspecting purses and bags; managing crowd control at entrances and down at the stage. At each of the events, Defendant paid Tamika Fowlkes a flat rate of $72.

### Tyshia Fowlkes

d. Tyshia Fowlkes worked for Defendant at the Tom Petty concert on July 23, 2017. Tyshia Fowlkes performed event security duties, including wanding attendees; inspecting purses and bags; managing crowd control at entrances and down at the stage. Defendant paid Tyshia Fowlkes a flat rate of $72.

### Lakear Hill

e. Lakear Hill worked for Defendant at five events: the Kid Rock Show on March 4, 2018; the Blake Shelton Show on March 16, 2018; the Kevin Hart Show on March 23, 2018; the Kevin Hart Show on March 24, 2018; the Jimmy Buffett Show on March 30, 2018. For each of the events, Lakear Hill performed event security duties, including wanding attendees; inspecting purses and bags; managing crowd control at entrances and down at the stage. With the exception of the Kevin Hart Show on March 23, 2018 where she received a flat rate of $84, Defendant paid

Lakear Hill a flat rate of $72 at each event.

### Trishera Hill

f.  Trishera Hill worked for Defendant at ten events: WWE-MNR on October 30, 2016; the Neil Diamond Show on June 9, 2017; the Journey Concert on June 14, 2017; Tom Petty on July 23, 2017; J. Cole Show on August 6, 2017; the Future Show on August 21, 2017; Xscape Show on December 22, 2017; the Kevin Hart Show on March 23, 2018; and the Kevin Hart Show on March 24, 2018; the Jimmy Buffett Show on March 30, 2018.  For each of the events, Trishera Hill performed event security duties, including wanding attendees; inspecting purses and bags; managing crowd control at entrances and down at the stage.  At each of the events, Defendant paid Trishera Hill a flat rate of $72.

### Brittany Rogers

g.  Brittany Rogers worked for Defendant at fourteen events: WWE-MNR on October 30, 2016; the Thomas Rhett concert on March 10, 2017; the Stevie Nicks Show on March 26, 2017; the Def Leppard Show on April 14, 2017; the Chance the Rapper concert on June 6, 2017; the Journey Concert on June 14, 2017; the Tom Petty concert on July 23, 2017; the J. Cole Show on August 6, 2017; the Future Show on August 21, 2017; the Xscape Show on December 22, 2017; the Kid Rock Show on March 3, 2018; the Blake Shelton Show on March 16, 2018; the Kevin Hart Show on March 23, 2018; the Kevin Hart Show on March 24, 2018.  For each of the events, Rogers performed event security duties, including wanding attendees; inspecting purses and bags; managing crowd control at entrances and down at the stage.  At each of the events, Defendant paid Rogers a flat rate of $72.

### Kyesha Wheeler

h.  Kyesha Wheeler worked for Defendant at thirteen events: WWE-MNR on October 30, 2016; the Stevie Nicks Show on March 26, 2017; the Chris Brown Show on April 1,

2017; the Def Leppard Show on April 14, 2017; the T-Pain Show on April 23, 2017; WWE Extreme PPV on June 4, 2017; Tom Petty concert on July 23, 2017; the J. Cole Show on August 6, 2017; the "Future Show" on August 21, 2017; the Xscape Show on December 22, 2017; the Kid Rock Show on March 3, 2018; the Blake Shelton Show on March 16, 2018; the Jimmy Buffett Show on March 30, 2018. For each of the events, Kyesha Wheeler performed event security duties, including wanding attendees; inspecting purses and bags; managing crowd control at entrances and down at the stage. At each of the events, Defendant paid Kyesha Wheeler a flat rate of $72.

### Kristie Wheeler

i. Kristie Wheeler worked for Defendant at two events: the Mary J. Blige Concert on November 5, 2016 and the Amy Schumer event on March 4, 2017. For each of the events, Kristie Wheeler performed event security duties, including wanding attendees; inspecting purses and bags; managing crowd control at entrances and down at the stage. At each of the events, Defendant paid Kristie Wheeler a flat rate of $72.

### Sylvia Wright

j. Sylvia Wright worked for Defendant at five events: the Neil Diamond Show on June 9, 2017; the Xscape Show on December 22, 2017; the Kevin Hart Show on March 23, 2018; the Kevin Hart Show on March 24, 2018; and the Jimmy Buffett Show on March 30, 2018. For each of the events, Wright performed event security duties, including wanding attendees; inspecting purses and bags; managing crowd control at entrances and down at the stage. For each of these events, Defendant paid Wright a flat rate of $72.

### Lovette Wran

k. Lovette Wran worked for Defendant at eleven events: the Mary J. Blige concert on November 5, 2016; the Thomas Rhett concert on March 10, 2017; the Stevie Nicks Show on

March 26, 2017; the Chris Brown Show on April 1, 2017; the Def Leppard Show on April 14, 2017; WWE Extreme PPV on June 4, 2017; the Neil Diamond Show on June 9, 2017; the Journey Concert on June 14, 2017; the Tom Petty concert on July 23, 2017; the J. Cole Show on August 6, 2017; the Xscape Show on December 22, 2017; the Kid Rock Show on March 3, 2018. For each of the events, Wran performed event security duties, including wanding attendees; inspecting purses and bags; managing crowd control at entrances and down at the stage. With the exception of the Mary J. Blige concert where she received $84, for each of these events, Defendant paid Wran a flat rate of $72.

l. Defendant paid male security guards who performed the same duties a higher flat rate than that paid to its female security guards:

i. Defendant paid male security guards Andre Davis, Daryl Dillard, Ed Pettway, Charles Wrye, Abdullah Sail, Ckoy Lamb and Ray Brown a flat rate of $100 at the WWE-MNR event on October 30, 2016.

ii. Defendant paid male security guards Kory Lamb and Lonnie Davis, Sr. a flat rate of $100 and Andre Davis, Montaz Moye, Tommy Lawson, Brandon Wheeler, Chaz Westley, Ronald Parker and Calvin Belle a flat rate of $84 at the Mary J. Blige Concert on November 5, 2016.

iii. Defendant paid male security guards Kory Lamb, Charles Wrye, Abdulla Sail, and Lonnie Davis, Sr. a flat rate of $100 and Ronald Parker a flat rate of $80 at the Amy Schumer event on March 4, 2017.

iv. Defendant paid male security guards Charles Wrye, Abdullah Sail, Kory Lamb, Danny Wheeler a flat rate of $100 and paid male security guards Calvin Belle and Ronald Parker a flat rate of $80 at the Thomas Rhett Concert on March 10, 2017.

v. Defendant paid male security guards Ronald Parker, Ray Brown, Danny

Wheeler, Abdullah Sail, Charles Wrye, Kory Lamb a flat rate of $100 at the Stevie Nicks concert on March 26, 2017.

vi. Defendant paid male security guards Danny Wheeler, Abdullah Sail, Charles Wrye, Skoy Lamb and Edward Pettway a flat rate of $100 at the Def Leppard concert on April 14, 2017.

vii. Defendant paid male security guards Ray Brown, Danny Wheeler, Abdullah Sail, and Ckoy Lamb a flat rate of $120 and Ronald Parker, Matthew Parker a flat rate of $100 at the T-Pain Show on April 23, 2017.

viii. Defendant paid male security guards Ckoy Lamb, Ed Pettway, Charles Wrye, Ray Brown, and Lonnie Davis, Sr. a flat rate of $100 at the WWE Extreme PPV on June 4, 2017.

ix. Defendant paid male security guards Ronald Parker, Ed Pettway, Charles Wrye, Ray Brown and Lonnie Davis, Sr. a flat rate of $100 at the Chance the Rapper concert on June 6, 2017.

x. Defendant paid male security guards Ray Brown, Charles Wrye, Ed Pettway, Ckoy Lamb and Ronald Parker a flat rate of $100 at the Neil Diamond Show on June 9, 2017.

xi. Defendant paid male security guards Ray Brown, Andre Davis, Abdullah Sail, Charles Wrye, Ed Pettway, Ckoy Lamb, Ronald Parker and Matthew Parker a flat rate of $100 at the Journey Concert on June 14, 2017.

xii. Defendant paid male security guards Matthew Parker, Ronald Parker, Ckoy Lamb, Ed Pettway, Abdullah Sail, Andre Davis, Ray Brown, and Lonnie Davis, Sr. a flat rate of $100 at the Tom Petty concert on July 23, 2017.

xiii. Defendant paid male security guards Mitchell Gray, Daryl Dillard, Ronald

Parker, Ed Pettway, Ckoy Lamb, Abdullah Sail, Andre Davis, and Lonnie Davis, Sr. a flat rate of $100 at the J. Cole Show on August 6, 2017.

xiv. Defendant paid male security guards Charles Wrye, Daryl Dillard, Ronald Parker, Matthew Parker, Ckoy Lamb, Ed Pettway, Abdullah Sail, Tavon Wiggins, Cameron Drummond, Andre Davis, Ray Brown, Lonnie Davis, Sr. a flat rate of $100 at the Future Show on August 21, 2017.

xv. Defendant paid male security guards Ronald Parker, Matthew Parker, Ckoy Lamb, Abdulah Sail, Charles Wrye, Ed Pettway, Daryl Dillard, and Andre Davis a flat rate of $100 at the Xscape Show on December 22, 2017.

xvi. Defendant paid male security guards Matthew Parker, Ckoy Lamb, Abdulah Sail, Charles Wrye, and Ed Pettway a flat rate of $100 at the Kid Rock Show on March 3, 2018.

xvii. Defendant paid male security guards Matthew Parker, Ckoy Lamb, Abdulah Sail, Charles Wrye, Ed Pettway, Daryl Dillard and Ronald Parker a flat rate of $100 at the Blake Shelton Show on March 16, 2018.

xviii. Defendant paid male security guards Ed Pettway, Antwan Johnson, Cameron Drummond a flat rate of $100 and paid male security guards Ckoy Lamb, Daryl Dillard, and Ronald Parker a flat rate of $118 at the Kevin Hart Show on March 23, 2018.

xix. Defendant paid male security guards Charles Wrye, Ed Pettway, Antwan Johnson, Daryl Dillard a flat rate of $100 and Ckoy Lamb a flat rate of $120 at the Kevin Hart Show on March 24, 2018.

xx. Defendant paid male security guards Matthew Parker, Ckoy Lamb, Ed Pettway, Antwan Johnson, Daryl Dillard, Charles Wrye, Ronald Parker, Andre Davis, and Cameron Drummond a flat rate of $100 at the Jimmy Buffett Show on March 30,

2018.

18. The effect of the practices complained of in paragraph 17 above deprived a class of female employees of equal employment opportunities and otherwise adversely affected their status as employees because of their sex.

19. The unlawful employment practices complained of in paragraph 17 above were intentional.

20. The unlawful employment practices complained of in paragraph 17 above were done with malice or with reckless indifference to the federally protected rights of a class of female employees.

## STATEMENT OF EQUAL PAY ACT CLAIMS

21. Since at least October 30, 2016, Defendant violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying a class of female employees, including but not limited to Tiyada Ray, Trishera Hill, Brittany Rogers, Lisa Camara, Lovette Wran, Lakear Hill, Kyesha Wheeler, Sylvia Wright, Tyshia Fowlkes, Tamika Fowlkes, and Kristie Wheeler lower wages than those paid to their male counterparts.

22. All security guards perform equal work, involving equal skill, effort, and responsibility, under similar working conditions. These duties include wanding concert attendees; inspecting purses and bags; and managing crowd control at entrances and down at the stage.

23. Plaintiff incorporates by reference paragraphs 14-17.

24. As a result of the acts complained of above, Defendant unlawfully withheld the payment of wages due to a class of female employees, who received lower compensation than male employees.

25. The unlawful practices complained of in paragraphs 21-24 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against females with respect to their compensation and terms and conditions of employment, and from engaging in retaliation against employees who oppose practices made unlawful by Title VII and the EPA;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women with regard to pay and terms and conditions of employment and eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole a class of female employees by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and by providing her any other relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D. Order Defendant to make whole a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 14-17 above, in amounts to be determined at trial;

E. Order Defendant to make whole a class of female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 14-17 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, frustration, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay a class of female employees liquidated damages for its willful conduct described in the paragraphs above, in amounts to be determined at trial;

G.   Order Defendant to pay a class of female employees punitive damages for its malicious and/or reckless conduct described in the paragraphs above, in amounts to be determined at trial;

H.   Grant such further relief as this Court deems necessary and proper in the public interest;

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Philadelphia District Regional Attorney

MARIA SALACUSE (Bar No. 15562)
Supervisory Trial Attorney
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201-2525
phone: 410-209-2733 | fax: 410-962-4270
maria.salacuse@eeoc.gov